The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner D. Bernard Alston. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDING OF FACTS
1. On May 25, 1995, at approximately 2:45 pm, while transporting six inmates to Caledonia Institution, Officers J. B. Mattison and Roger Page noticed that inmates Larry Perry and Barry Ross were unrestrained from their seat belts within the prison van. These inmates were told to return to their seats and to hook up their seat belts, at which time Inmate Perry complied. Inmate Barry Ross refused and started to become very agitated.
2. Inmate Ross started to curse at Officer Mattison and at one point, he came up to the metal cage that separated the inmates from Officer Mattison and began screaming in Officer Mattison's ear. When Officer Mattison was unable to otherwise gain control of Inmate Ross, he removed his mace spray, placed the same against the metal cage and sprayed a small stream of mace at Inmate Ross.
3. Inmate Ross continued to act in a disruptive manner which was dangerous to the security of the officers and other inmates. He deliberately spit on Officer Mattison, who again sprayed a small stream of mace on Inmate Ross in an attempt to regain control over the situation.
4. The amount of mace released was insignificant as indicated by the fact that Officer Page who was operating the vehicle at the time of this incident was allergic to the pepper spray contained within the mace, and that at such time that this minuscule amount of mace was released, Officer Page suffered no negative consequences from said mace.
5. Regardless, Officers Mattison and Page stopped the van at the Halifax County Sheriff's Department and gave the six inmates, including each of the plaintiffs herein, the opportunity to wash, but none of the inmates took such opportunity. Subsequently, the van arrived at Caledonia Institution, and each inmate was offered a shower and a visit to the first-aid room. The medical notes produced in this matter indicate, and the undersigned finds that, there were no noticeable effects of the minuscule amount of mace released upon any of the plaintiffs at such time as they arrived at Caledonia.
6. The plaintiffs have alleged permanent, serious medical injury as a result of this incident. A review of the medical records on each of the plaintiffs herein does not support any finding of such a serious medical condition.
7. Further, Dr. Alton Anderson of Caledonia Institution testified, and the undersigned finds, that a minuscule amount of mace released in a vehicle would not adversely affect the occupants of the vehicle. Even if a substantial amount of mace was released in the van, it would only negatively affect those persons actually sprayed by the mace, and that such negative effect would be of intense but short duration.
8. Officer Mattison acted in a reasonable fashion in response to the deliberate conduct of Inmate Ross which posed a risk to the security and safety of the officers and other inmates. The handling of this incident by Officer Mattison was not in violation of any policy or procedure of the North Carolina Department of Correction, and the utilization of the mace in this matter was of such insignificant amount that it could not have caused the injuries to the four plaintiffs herein as alleged in the complaint.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Neither Officer J. B. Mattison nor any other officer or employee of the North Carolina Department of Correction acted in any negligent manner in regards to the transfer of the inmates as set out above, including the plaintiffs herein.
2. The plaintiffs have failed to meet their burden of showing that they sustained any physical injuries as a result of the acts alleged herein.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. All the plaintiffs' claims are hereby DENIED.
2. Each side shall pay its own costs.
This the 4th day of May 1998.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________ DIANNE C. SELLERS COMMISSIONER
TJB/cnp/db